UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY ALEXANDER
LANDAEZ-CASTRO,

        Petitioner,

    v.

SECRETARY KRISTI NOEM, IN
HER OFFICIAL CAPACITY AS
SECRETARY OF THE
DEPARTMENT OF HOMELAND
SECURITY; *et al.*;

        Respondents,

Case No. 2:26-cv-237-KCD-NPM

## <u>ORDER</u>

Petitioner Anthony Alexander Landaez-Castro is a Venezuelan citizen currently in immigration custody. (Doc. 1 at 2.)[1] The Government arrested him following a traffic stop back in December, and he has been detained ever since. Landaez believes he is entitled to a bond hearing to determine whether his continued detention is justified. But when he asked for one, the immigration court held that it lacked jurisdiction to grant such relief. (*Id.* at 3.) In response, Landaez filed a habeas corpus petition in this Court, arguing that his ongoing, open-ended detention without a custody hearing violates the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (*Id.* at 15-26.)

Alongside his habeas petition, Landaez moved for a temporary restraining order. (Doc. 3.) He asks this Court for two things right now, before the Government even has a chance to answer his petition: (1) prohibit his transfer, which would presumably include his removal from the United States; and (2) direct the Government to provide him with a bond hearing within three days. These requests are addressed in turn below.

To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

To the extent Landaez is asking this Court to intervene and stay his removal from the United States, Congress has taken that power entirely out of our hands. The Immigration and Nationality Act contains a jurisdiction-

stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and— crucially for Landaez—executing removal orders. *Reno v. Am.-Arab Anti- Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021). "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

Because § 1252(g) removes this Court's power to act, Landaez's request to enjoin his removal from the United States must be denied. *See, e.g.*, *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at \*9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

If Landaez is instead seeking an order preventing his transfer outside the Middle District of Florida, the answer is similarly no. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at \*4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Landaez's relocation is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Finally, Landaez's demand for a bond hearing within three days fares no better. The problem with this request is that it misunderstands the basic function of an emergency injunction. A temporary restraining order is a tool designed to do a very specific, limited job. Its purpose is "merely to preserve the relative positions of the parties." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "TROs should be restricted to serving their underlying

purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Missouri v. United States Dep't of Educ.*, No. CV 224-103, 2024 WL 4069224, at \*1 (S.D. Ga. Sept. 5, 2024).

But Landaez is not seeking to preserve the status quo. He is asking to fundamentally alter it by obtaining the exact relief his underlying lawsuit demands. In the habeas petition, his ultimate prayer for relief is an order granting a "constitutionally adequate bond hearing." (Doc. 1 at 27.) His emergency motion seeks the same thing. So if the Court were to grant the motion, it would be giving Landaez a complete victory before the Government has even had a chance to litigate the case. "One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo rather than granting most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Landaez may well have a strong, even winning argument on the merits. But those merits must be decided in due course, not short-circuited through an emergency motion that resolves the whole case on day one. *See Maldonado v. Cnty. of Duval*, No. 3:17-CV-160-J-20JBT, 2017 WL 6611326, at \*2 (M.D. Fla. Oct. 24, 2017).

In sum, Landaez's motion asks the Court to do things it either cannot do, does not need to do, or should not do at this preliminary stage.

Accordingly, the Motion for Temporary Restraining Order (Doc. 3) is **DENIED**.

**ORDERED** in Fort Myers, Florida on February 23, 2026.

_____
Kyle C. Dudek
United States District Judge